***********
Upon review of the competent evidence of record with reference to the errors assigned, and finding no good grounds to receive further evidence or to rehear the parties or their representatives, the Full Commission modifies in part and affirms in part the Opinion and Award of the Deputy Commissioner.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties in a pretrial agreement dated 14 June 2000 as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An employment relationship existed between plaintiff and defendant-employer.
3. Liberty Mutual Insurance Company was the carrier on the risk for workers' compensation purposes.
4. Plaintiff's average weekly wage was $375.07, and the parties stipulate that this wage yields a compensation rate of $250.00.
5. The Full Commission takes judicial notice of the Industrial Commission Forms 18, 33, and 33R that have been filed in this matter. The parties stipulated into evidence in this matter Dr. Getter's deposition transcript and stipulated Exhibit 1, consisting of tabs one through three. Subsequent to the hearing before the Deputy Commissioner, the parties interviewed Roy Spencer, and the parties stipulated that Mr. Spencer's statement could be received into evidence in the case. In addition, defendants introduced and the Deputy Commissioner admitted into evidence in this matter the following exhibits: (1) form dated 18 July 1996 signed by plaintiff regarding drug testing policy; (2) form dated 18 July 1996 signed by plaintiff regarding personnel and other work issues; (3) safety instructions to employees (signed by plaintiff or about 18 July 1997); (4) termination of plaintiff form; and (5) termination of other employee form.
 ***********
Based upon the greater weight of the competent and credible evidence of record in this matter, the Full Commission enters the following:
 FINDINGS OF FACT
1. On the date of the hearing before the Deputy Commissioner, plaintiff was 43 years old. Plaintiff went to school through the eighth grade; she has neither a high school diploma nor a G.E.D. Plaintiff's work history primarily consists of textile work. From the time she was 16 years old, plaintiff worked sporadically for defendant-employer. Plaintiff was not working for any employer in any capacity on the date of the hearing before the Deputy Commissioner.
2. On 16 April 1998, plaintiff was employed as a can hauler by defendant-employer. Plaintiff's basic job was to pick up cans of cotton material and push the material in a buggy across the mill. On 16 April 1998, plaintiff bent over to pick up yarn and felt a sudden, sharp pain in her low back. Plaintiff continued working for some period of time; however, she was unable to continue due to pain so she informed a floating supervisor named Drew that she had hurt her back while bending over to pick up yarn. Plaintiff then left work and went home.
3. Plaintiff reported to the office of her family physician later in the day on 16 April 1998, where she was seen by a physician's assistant. At this examination, plaintiff reported that she had noticed some "achiness in her left lower back which became sharp every time she bent over to lift something up." She denied numbness or paraesthesias in her lower extremities. The physician's assistant diagnosed a muscle strain.
4. At this doctor's appointment, plaintiff had an unrelated cyst on her upper back drained. Plaintiff was also prescribed medication and stretching exercises for her low back strain and was taken out of work for five days.
5. When plaintiff returned to work after the five days of bedrest, she went back the same position as can hauler. However, plaintiff was unable to do the constant bending that this job required, and shortly thereafter she asked for and was given another job in a different part of the plant. Plaintiff's coworkers testified that she did not appear to have difficulty performing her job as a can hauler or in her other, subsequent position.
6. Plaintiff never completed nor asked that an accident report be completed for the alleged injury of 16 April 1998. Instead, it was plaintiff's testimony that she thought it was sufficient that she had told the floating supervisor, Drew, that she had hurt her back. Drew did not make a report or notation of an alleged injury in plaintiff's personnel file. Plaintiff also never informed her own supervisor, Roy Spencer, that she injured her back at work on 16 April 1998, and Drew did not tell Mr. Spencer that plaintiff had reported an injury to him. In addition, plaintiff never reported back pain to the plant clinic, and there is no notation in plaintiff's personnel file that she suffered a work-related injury in April 1998. Defendants' first written notice of plaintiff's claim occurred when she filed a Form 18 in March 1999, almost a year after the alleged injury.
7. Although plaintiff failed to give written notice of her claim to defendants within 30 days of the date of her injury, plaintiff's report of her injury to a floating supervisor on the day the injury occurred constituted actual knowledge or notice on the part of an agent of defendant-employer.
8. Plaintiff remained employed and continued working for defendant-employer through 21 July 1998, on which date she was terminated for violating company policy when she was involved in a physical altercation with a coworker. Plaintiff's termination was unrelated to her injury by specific traumatic incident on 16 April 1998.
9. Plaintiff sought no medical treatment for her back from 16 April 1998 through 11 March 1999, almost one full year after the date of her injury by accident, when she presented to Dr. Getter, an orthopedic surgeon. Plaintiff reported to Dr. Getter that although she did not recall a specific injury, she initially hurt her back at work in April 1998 when she felt a sharp pain that progressively worsened as the day progressed. Plaintiff further reported to Dr. Getter that her symptoms had changed over time and she had started developing pain that radiated into her left leg. There is no medical or other evidence to indicate when plaintiff's leg pain developed in the almost year period after 16 April 1998.
10. Dr. Getter had x-rays done which showed degenerative disc disease at L5-S1. Plaintiff underwent a short course of physical therapy that was unsuccessful, and Dr. Getter ordered an M.R.I. The M.R.I. revealed a herniated disc at L5-S1. Plaintiff underwent fusion surgery on 11 June 1999. Plaintiff also experienced an exacerbation in her preexisting depression as a result of her back pain.
11. Following her termination from defendant-employer, plaintiff had at least four different jobs through the date of the hearing before the Deputy Commissioner. Plaintiff has not worked in any capacity since being taken out of work by Dr. Getter in March 1999.
12. While the Full Commission accepts as credible that plaintiff probably suffered a muscle strain to her back as a result of a specific traumatic incident at work on 16 April 1998 when lifting a can of yarn, the Full Commission does not accept as credible plaintiff's contention that this muscle strain led to or caused the herniation of her L5-S1 disc. Plaintiff's muscle strain only caused her to miss five days from work. After plaintiff returned to work on 22 April 1998, she was able to and did continue working until such time as she was terminated for reasons unrelated to the injury. Plaintiff also did not seek any medical treatment whatsoever from 16 April 1998 until 11 March 1999. There is insufficient evidence of record from which the Full Commission can find as a fact when plaintiff's leg symptoms began, a determination that Dr. Getter held to be crucial when trying to ascertain the date the herniation occurred.
13. Based upon the foregoing, plaintiff's claim that the incident of 16 April 1998 caused her disc to herniate thereby leading to her disability is not viewed as credible, and plaintiff has not met her burden of proving that she sustained an injury by accident that resulted in disability under the Act.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission enters the following:
 CONCLUSIONS OF LAW
1. On 16 April 1998, plaintiff sustained an injury resulting in muscle strain to her back as a direct result of a specific traumatic incident of the work assigned arising out of and in the course of her employment. N.C. Gen. Stat. § 97-2(6).
2. Plaintiff did not meet her burden of proving by the greater weight of the evidence that her specific traumatic incident arising out of and in the course of her employment with defendant-employer on 16 April 1998 led to the disc herniation, resulting surgery and disability. N.C. Gen. Stat. § 97-2(6).
3. For the foregoing reason, plaintiff has not established a claim for indemnity compensation under the provisions of the North Carolina Workers' Compensation Act. N.C. Gen. Stat. § 97-28.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission hereby enters the following:
 AWARD
1. Under the law, plaintiff's claim for indemnity compensation must be, and the same is HEREBY DENIED.
2. Defendant shall pay medical expenses incurred by plaintiff as a result of her injury on 16 April 1998.
3. Defendants shall pay the costs of this proceeding.
This the ___ day of December, 2001.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/_______________ DIANNE C. SELLERS COMMISSIONER
 S/______________ RENE C. RIGGSBEE COMMISSIONER